UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RANDALL JENSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-04022-SLD-JEH |
| CHRISTINE WORMUTH,[1] | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court is Defendant Secretary of the Department of the Army Christine Wormuth's motion for summary judgment, ECF No. 7. For the reasons that follow, the motion is GRANTED.

**BACKGROUND[2]**

Plaintiff Randall Jensen has worked as a mechanic at the Army's Joint Manufacturing Technology Center ("JMTC") at Rock Island Arsenal since 2016. In 2010, due to Plaintiff's anxiety diagnosis, his physician restricted him to working no more than five eight-hour days per week. This restriction became an issue in the summer of 2017, when a union agreement prompted JMTC to change its work schedule from five eight-hour days to four ten-hour days. The agreement did not provide for alternate schedules, although union officials since have stated that the union would not have objected to Plaintiff working five eight-hour days.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Christine Wormuth is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

[2] At summary judgment, a court "constru[es] the record in the light most favorable to the nonmovant and avoid[s] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Unless otherwise noted, the facts related here are taken from Defendant's statement of undisputed material facts, Mem. Supp. Mot. Summ. J. 2–4, ECF No. 7-1; Plaintiff's response to Defendant's statement of undisputed material facts and additional facts, Mem. Resistance Mot. Summ. J. 2–5, ECF No. 8-1; Defendant's reply thereto, Reply 1–4, ECF No. 9; and exhibits to the filings.

On June 7, 2017, Plaintiff telephoned the Arsenal's Equal Employment Opportunity ("EEO") office to ask about obtaining a reasonable accommodation in light of the new schedule. JMTC's policy is that an employee can request accommodations through his immediate supervisor or the EEO's Disability Program Manager ("DPM"); once the request is submitted, the supervisor commences the interactive process and then decides on the request.[3]  On the phone, Plaintiff spoke with then-DPM Rachel Marshall.

On June 9, 2017, Marshall emailed Plaintiff a reasonable-accommodation request form and a document indicating information the EEO office needed to receive from Plaintiff's healthcare provider.  Marshall wrote that the accommodations process would proceed once the office received that information.  Plaintiff replied to Marshall to indicate he had gotten the documents, but the record shows no further communication between them until June 16, 2020.

That same day, Plaintiff also asked then-EEO director Gerald Handy about obtaining accommodations.  Plaintiff alleges Handy told him he "had better get used to working ten[-]hour days four days a week" because he "was not going to get an accommodation."  Jensen Aff. ¶ 8, Mem. Resistance Mot. Summ. J. Ex. 5, ECF No. 8-1 at 16–18.  A coworker states he was present and heard Handy make that statement.  Keding Decl. 2, Mot. Summ. J. Ex. 1, ECF No. 7-3 at 135–37.  Defendant admits only that Handy spoke with Plaintiff.  Reply 4, ECF No. 9.

Plaintiff further alleges he requested accommodations from his second-level supervisor, David Matthys, sometime in June 2017 or July 2017.  *See* Jensen Aff. ¶¶ 9–10 (stating that, after JMTC changed its schedule, Plaintiff requested an accommodation from Matthys and did not

---

[3] The "interactive process" is the requisite "good faith effort to determine what accommodations are necessary." *Yochim v. Carson*, 935 F.3d 586, 590–91 (7th Cir. 2019) (quotation marks omitted); *see also Lawler v. Peoria Sch. Dist. No. 150*, 837 F.3d 779, 786 (7th Cir. 2016) ("Under the Americans with Disabilities Act of 1990 . . . and thus, the Rehabilitation Act . . . the employer and employee are responsible for engaging in an 'interactive process' to find a reasonable accommodation for the employee's disability." (citations omitted)).

2

receive a response by July 17, 2017).  While Plaintiff asserts that no one from the Army ever "inform[ed] him of the outcome of [his] request for a reasonable accommodation," Jensen Aff. ¶ 11, Defendant maintains Plaintiff never properly requested accommodations in the first place, Mem. Supp. Summ. J. 3, ECF No. 7-1 ("Plaintiff did not submit an official request . . . .").

On July 17, 2017, Plaintiff applied for leave pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–654.  His request was approved; thereafter, Plaintiff took two hours of leave every workday, thereby working eight-hour days.  Plaintiff continued to do so until January 5, 2020, when JMTC reverted to its original work schedule of five eight-hour days.

Plaintiff first contacted an EEO counselor about the reasonable-accommodation issue on January 31, 2020.  He filed a formal administrative complaint on March 5, 2020, and on February 10, 2021, filed this action, Compl. 1, ECF No. 1.  Plaintiff's Complaint alleges that Defendant violated the Rehabilitation Act, 29 U.S.C. §§ 701–97, by refusing to let him work five eight-hour days, and seeks, among other remedies, the restoration of his used FMLA leave.  *See* Compl. 1–2.  Because Plaintiff filed a federal suit, a final decision in his administrative complaint was issued on March 2, 2021, though the decision did not review that complaint on the merits.  On April 12, 2021, Defendant filed the instant motion.  Mot. Summ. J. 1.

## DISCUSSION

**I.      Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate if the non-movant fails to establish a genuine issue of fact on an element essential to its case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Where one party has properly

3

moved for summary judgment, the non-moving party must respond "by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). Parties may not merely refer to their own pleadings, *Celotex*, 477 U.S. at 324, but must "cit[e] to particular parts of materials in the record, including depositions, documents, [and] . . . affidavits or declarations" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute," Fed R. Civ. P. 56(c)(1). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"—that is, whether "there is sufficient evidence favoring the non[-]moving party for a jury to return a verdict" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence "in the light most favorable to the non-moving party[] and draw[] all reasonable inferences in that party's favor," *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255), but the non-movant does not receive the benefit of inferences "supported by only speculation or conjecture," *Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (quotation marks omitted).

**II.   Analysis**

Defendant makes three arguments in support of summary judgment: First, that because Plaintiff never properly requested accommodations, his claim is time-barred, Mem. Supp. Summ. J. 8–9; second, that because Plaintiff never properly requested accommodations, he has no claim, *id.* at 9–10; and third, that Plaintiff was not entitled to the particular accommodation of five eight-hour workdays and is not entitled to restoration of his used leave, *id.* at 10–12.

Before addressing the threshold question of timeliness, it is important to note—because it is relevant to the timeliness analysis—that the exact nature of Plaintiff's failure-to-accommodate

claim is somewhat unclear. In particular, Plaintiff characterizes his claim in occasionally contradictory ways. His main point seems to be that his accommodation request was never processed or addressed, *see* Jensen Aff. ¶ 11 ("At no time prior to the filing of my charge . . . did . . . anyone . . . inform me of the outcome of my request for a reasonable accommodation."); *see also* Mem. Resistance Mot. Summ. J. 10 ("[T]he Army refused to engage in the interactive process . . . ."), but he sometimes indicates his request was outright denied, *see* Jensen Aff. ¶ 8 ("Handy told me that I was not going to get an accommodation."); *see also* Mem. Resistance Mot. Summ. J. 9 ("Plaintiff was completely denied a reasonable accommodation . . . ."). A third characterization is that Plaintiff "was denied access to submit a[n] [accommodation] request." *See* Jensen Decl. 3, Mot. Summ. J. Ex. 1, ECF No. 7-3 at 110–13. However, Plaintiff's conflicting characterizations do not affect the ultimate outcome of his case: For the reasons explained below, it is time-barred as to each characterization of the facts.

Because Plaintiff is a federal employee, he must bring his workplace disability-discrimination claim under the Rehabilitation Act. *Vargas v. DeJoy*, 980 F.3d 1184, 1188 n.4 (7th Cir. 2020). Before filing in federal court, a Rehabilitation Act plaintiff is required to "exhaust [his] administrative remedies by consulting an EEO counselor and attempting to resolve the matter informally." *Edwards v. Donahoe*, 503 F. App'x 468, 471 (7th Cir. 2013). Regulations require the employee to contact the counselor within 45 days of the allegedly discriminatory matter.[4] 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact

---

[4] The 45-day requirement functions as a statute of limitations, not a jurisdictional prerequisite, *see Gray v. Potter*, 115 F. App'x 891, 893 (7th Cir. 2004) (citing *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995)), so it is not the case that untimeliness "forever bar[s]" a late claim, *see* Reply 5. To the contrary, "the requirement is not ironclad." *Gray*, 115 F. App'x at 893. First, common law doctrines like estoppel, waiver, and equitable tolling can excuse an untimely claim, *see Smith v. Potter*, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013), though the burden lies with the plaintiff to raise the relevant doctrine's application, *see Perkins for Est. of Perkins v. Brennan*, 821 F. App'x 630, 632 (7th Cir. 2020). Second, federal regulations establish "four independent criteria," *Johnson*, 47 F.3d at 917, for tolling the limitations period, *see* 29 C.F.R. § 1614.105(a)(2). Here, Plaintiff argues only that his claim was timely, *see* Mem. Resistance Mot. Summ. J.

with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ."). Thus, determining whether Plaintiff's claim is timely requires the Court to determine the date of the discriminatory matter initiating the 45-day countdown. *See* 29 C.F.R. § 1614.105(a)(1).

To identify this date, the Court begins with the guiding principle that when determining the date of alleged discrimination, "[t]he proper focus is upon the time of the *discriminatory act[]*" itself, even when its consequences "give[] present effect to the past illegal act." *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (first alteration in original) (quotation marks omitted). Where "a discrete wrongful act causes continuing harm[,] . . . the [reporting] period runs from the date of that event; it does not restart with each new day the harm is experienced." *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839–40 (7th Cir. 2014); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Accordingly, the Seventh Circuit has found, albeit in an unpublished opinion, that the denial of an accommodation request in a failure-to-accommodate case is a "discrete act" rather than an ongoing omission. *See Teague v. Nw. Mem'l Hosp.*, 492 F. App'x 680, 684 (7th Cir. 2012); *see also Coleman v. Cook Cty.*, No. 09 CV 739, 2010 WL 725322, at *4 (N.D. Ill. Feb. 25, 2010) (concluding the same and collecting cases with similar results).

Certain discrimination claims do not involve discrete acts but rather "involve[] repeated conduct[,] . . . [and] are based on the cumulative effect of individual acts." *Morgan*, 536 U.S. at

---

7–8:  Plaintiff does use the word "toll[]," *see id.* at 8, but the Court discerns no tolling-related argument, *see id.* at 7–8, and Plaintiff cannot be said to have genuinely raised such an argument merely by using the word "toll[]," *see U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–52 (7th Cir. 1990) (noting that "tolling" can refer to multiple doctrines).  Thus, whether Plaintiff's request was timely is the sole focus of the Court's inquiry here.  *See Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 708 (7th Cir. 2002) ("In the case at bar, [the plaintiff] does not urge this Court to adopt either of those equitable doctrines. Therefore, we will not consider the application of such remedies to this case.").

6

115. In those cases, the plaintiff can invoke the continuing violation doctrine, which allows a plaintiff to recover for time-barred discrimination by "linking it with an act that is within the limitations period." *See Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). In the Seventh Circuit, a plaintiff can establish a continuing violation under three theories: (1) "when an employer makes employment decisions over time that make it difficult for the employee to determine the actual date of discrimination," (2) when the employer's actions "rel[y] on an express discriminatory policy," and (3) "where discrete acts of discrimination are part of an ongoing pattern and at least one of the discrete acts occurred within the relevant limitations period." *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir. 2002).

Having charted the path of the timeliness analysis, the Court turns to Plaintiff's three characterizations of the "matter alleged to be discriminatory" introduced above: that his request was outright denied, *see, e.g.*, Jensen Aff. ¶ 8; that he was "denied access" to request an accommodation, *see, e.g.*, Jensen Decl. 3; and that his request was never acknowledged, *see, e.g.*, Jensen Aff. ¶ 11.

The Court begins with the first two theories, which are easily resolved. If Plaintiff's failure-to-accommodate claim is based on a denial of accommodations or denial of access to submit an accommodation request, then the Court concludes those denials are time-barred "discrete wrongful act[s] caus[ing] continuing harm," *see Bass*, 746 F.3d at 839; *see also Teague*, 492 F. App'x at 684 (finding a denial of accommodations is a discrete act); *Platt v. Chi. Transit Auth.*, No. 18 C 07219, 2019 WL 5393995, at *4 (N.D. Ill. Oct. 22, 2019) (embracing *Teague*'s reasoning in a failure-to-accommodate case where the plaintiff's requests were repeatedly denied, concluding "each request for accommodation, and [the defendant's] corresponding refusal to accommodate, is a discrete act"). Plaintiff can pinpoint an exact date of

denial—June 9, 2017, when Handy told him he would not receive accommodations—compelling the conclusion his case centers on a "discrete act [that] should have triggered . . . [P]laintiff's awareness of the need to assert or else waive h[is] rights." *See Tinner*, 308 F.3d at 709.  Each day Plaintiff lacked accommodations following that discrete act is properly understood as a consequence of that act, not its own fresh harm. *See Ricks*, 449 U.S. at 258.  Because that act took place June 9, 2017, Plaintiff was much too late when he contacted the EEO counselor on January 31, 2020 given the 45-day reporting period.  *See* 29 C.F.R. § 1614.105(a)(1).

Plaintiff's only remaining hope in demonstrating timeliness lies in the third characterization of his claim: that his accommodation request was never acknowledged.  Indeed, this is the characterization he discusses in his response to Defendant's timeliness argument, asserting that "[t]he fact neither Gerry Handy nor Dave Matthys ever gave an answer . . . tolls the need to contact the EEO counselor until the change of the work schedule back to five eight[-]hour days on January 5, 2020." *See* Mem. Resistance Mot. Summ. J. 8.  Plaintiff asserts that "[e]ach day [he] worked between July 21, 2017 to January 4, 2020, was a violation since no processing of his reasonable accommodation request had been done," *see id.*, which the Court construes as an attempt to make out a continuing violation theory such that each day of non-responsiveness constitutes its own actionable discriminatory act.[5]

But none of the continuing violation theories save Plaintiff's claim.  First, Plaintiff "points to specific dates and instances where he felt discriminated against," so the first theory is inapplicable. *See Tinner*, 308 F.3d at 707.  Second, Plaintiff is not alleging the existence of an

---

[5] Plaintiff does not cite to case law, but the Court's own research revealed a number of cases in which failure-to-accommodate plaintiffs have attempted to make similar arguments, which helped orient its analysis. *See*, *e.g.*, *Robinson v. Off. of the Cook Cty. Recorder of Deeds*, Case No. 20-cv-2023, 2021 WL 1165100, at *11–12 (N.D. Ill. Mar. 26, 2021); *Platt v. Chi. Transit Auth.*, No. 18 C 07219, 2019 WL 5393995, at *3–4 (N.D. Ill. Oct. 22, 2019); *Rouse v. Chi. Transit Auth.*, Case No. 13-cv-5260, 2016 WL 5233591, at *6–11 (N.D. Ill. Sept. 21, 2016); *Sutton v. Potter*, No. 02 C 2702, 2004 WL 603477, at *6 (N.D. Ill. Mar. 22, 2004)

"express discriminatory policy." *See id*. And third, even if Plaintiff could convince the Court that each day of non-responsiveness was a "part of an ongoing pattern," *see id.*, he would encounter another problem: "Under this theory [of continuing violation], the only issue before this Court is whether [the plaintiff] created a genuine issue of material fact regarding the reasonableness of his not [contacting] the EEOC until [he did so]," *see id.* at 707–08; *see also Filipovic v. K & R Exp. Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999) ("The continuing violation doctrine is applicable only if it would have been unreasonable to expect the plaintiff to sue before the statute ran on th[e] conduct.").

Based on the record here, the Court has no doubt it was unreasonable for Plaintiff to delay contacting an EEO counselor until January 31, 2020. It was unreasonable based on the amount of time that had passed alone. *See Robinson v. Off. of the Cook Cty. Recorder of Deeds*, Case No. 20-cv-2023, 2021 WL 1165100, at *11 (N.D. Ill. Mar. 26, 2021) ("If [the plaintiff] asked for accommodations in 2015 or 2016, he undoubtedly knew that he wasn't receiving them by 2018."). And it was unreasonable in light of Handy's statement to Plaintiff that there "was not going to [be] an accommodation." *See* Jensen Aff. ¶ 8. Plaintiff should have been aware long before 2020 that his situation was not one involving "normal and expected administrative delay or red-tape." *See Sutton v. Potter*, No. 02 C 2702, 2004 WL 603477, at *6 (N.D. Ill. Mar. 22, 2004).

In sum, the events underlying Plaintiff's claim occurred in the summer of 2017. By delaying contact with an EEO counselor until January 31, 2020, he failed to satisfy the 45-day reporting requirement. *See* 29 C.F.R. § 1614.105(a)(1)–(2). And in light of numerous indications Plaintiff would not receive an accommodation, a delay of that length in contacting the counselor was unreasonable. *See Sutton*, 2004 WL 603477, at *6 ("At some considerably

9

earlier point during this time, a reasonable person should have understood [the defendant's] inaction as a clear signal that it had no intention of reasonably accommodating [the plaintiff]."). Plaintiff has offered no additional argument as to why his untimeliness should otherwise be excused, so his action must end here. *See* 29 C.F.R. § 1614.105(a)(1)–(2).

## CONCLUSION

Accordingly, the Motion for Summary Judgment, ECF No. 7, is GRANTED. The Clerk is directed to enter judgment and close the case.

Entered this 24th day of January, 2022.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE